FILED & ENTERED

FEB 22 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Louis Michael Lookofsky<br><br>Debtor(s).<br><br>Craig Smith Jr.<br><br>Plaintiff(s),<br>v.<br><br>Louis Michael Lookofsky, Benjamin S Nachimson<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 1:20-bk-11823-MT<br>Adv No:   1:21-ap-01018-MT<br><br>**Memorandum of Decision Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment**<br><br>Date: 2/16/22<br>Time: 1:00pm<br>Courtroom:   302 (Via ZoomGov) |

Craig Smith, JR. ("Plaintiff"), entered into two agreements with All Pro Sports, LP, ("All Pro") an entity owned and operated by Louis Lookofsky ("Defendant") and his son. On April 16, 2013, Plaintiff filed a complaint in Los Angeles County Superior Court ("State Court Case") against the Defendant, his son and All Pro alleging fraud, negligent

-1-

misrepresentation, constructive fraud, breach of fiduciary duties, and more. After initially litigating the State Court Case, the Defendant failed to file an answer to the third amended complaint ("TAC") and default judgment was entered against him. The state court sent the matter to a "prove up" hearing where an advisory jury returned a verdict in favor of the Plaintiff and awarded damages. A judgment order was entered shortly thereafter ("Judgment").

On October 13, 2020, Defendant filed a petition under Chapter 7 (Case No. 1:20-bk-11823-MT). Defendant identified Plaintiff as an unsecured creditor with a judgment lien in the amount of $100,860,459 arising from the Judgment. On April 29, 2021, Plaintiff filed this complaint, asserting the debt arising from the Judgment is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). The Plaintiff filed a motion for partial summary judgment as to claims for relief 1, 3, and 4. Defendant opposes.

*Rule 56(c):*

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.Civ. P. 56(c) (incorporated by F.R. Bankr. P. 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir.1982). The nonmoving party must show more than "the mere existence of *some* alleged factual dispute ... the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976); Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of N. Am., 638 F.2d 136, 140 (9th Cir.1981).

The Plaintiff asserts that summary judgment as to claims of relief 1, 3, and 4 is appropriate, arguing that the findings made in the State Court Case prevent the Defendant from relitigating the issues that were previously addressed.

Collateral estoppel principles apply in a discharge exception proceeding under § 523(a). Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991). Under 28 U.S.C. §1738, as a matter of full faith and credit, federal courts are required to apply the pertinent state's collateral estoppel principles. Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). Collateral estoppel bars a party from relitigating any issue necessarily included in a prior, final judgment. Malkoskie v. Option One Mortg. Corp., 188 Cal. App. 4th 968 (Cal. App. 2010). The burden of establishing the doctrine rests on the party asserting it. Ferraro v. Camarlinghi, 161 Cal. App. 4th 509 (Cal. App. 2008).

Under California law, collateral estoppel applies only if certain threshold requirements are met: 1) the issue sought to be precluded from relitigation is identical to that decided in the former proceeding; 2) the issue was actually litigated in the former proceeding; 3) the issue was necessarily decided in the former proceeding; 4) the issue in the former proceeding was final and on the merits; 5) the party against whom preclusion is sought is the same, or in privity with, the party to the former proceeding; 6) whether imposition of collateral estoppel in the particular setting would be fair and consistent with public policy. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001); *see also* Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824-25 (9th Cir. BAP 2006). If the threshold requirements are met, the court must also find that giving the previous judgment preclusive effect would further the public policies underlying the collateral estoppel doctrine. *Id.* at 1245.

The Plaintiff asserts all the elements of claim preclusion have been met. The same issues being raised in this case were identical to those in the State Court Case, the issues were decided in the State Court Case, the State Court Judgment is final and on the merits, and the Defendant was one of the defendants in the State Court Case. The Defendant does not dispute these elements have been satisfied, rather he argues that the issue was not "actually litigated" and that the findings in jury verdict constitute an advisory opinion. *See* A-C Co v. Security Pacific Nat. Bank., 173 Cal. App. 3d 462, 474 (Cal. App. 1985). Whether the jury verdict was advisory is irrelevant at this point because the minute entry shows that the judge adopted the jury's verdict almost

verbatim. See Exhibit 13. The state court judge affirmed the jury's finding the Defendant is liable for multiple causes of action. The Judgment also shows the court adopted the jury findings as its own.

Under California law, default judgments may provide the basis for a finding that a matter was "actually litigated" for purposes of collateral estoppel as long as the defendant was personally served with a summons or has actual knowledge of the existence of the litigation. In re Harmon, at 1247. Collateral estoppel applies to default judgments only to the extent a defendant had a full and fair opportunity to litigate. In re Cantrell, 329 F.3d 1119, 1124 (9th Cir. 2003) (even where a defendant did not receive personal service or have actual knowledge of the action, but had actual knowledge of the lawsuit with time remaining to set aside the default judgment, the full and fair opportunity to litigate requirement was satisfied and collateral estoppel could be appropriate). "[T]he party asserting the collateral estoppel effect of a default judgment must provide evidence that (i) the defendants either were personally served with the complaint or had actual knowledge of the litigation; and (ii) the default judgment necessarily required the finding at issue." In re Aalam, 538 B.R. 812, 825 (Bankr. C.D. Cal. 2015).

Here, the complaint in the State Court Case was served on the Defendant, at some point Defendant's counsel left the case and the Defendant, a former attorney, continued while representing himself. The Plaintiff amended the complaint, attaching and incorporating significant documentary evidence in support of his claim, and served the TAC on the Defendant. The evidence submitted by the Plaintiff shows that the TAC was properly served. Defendant failed to answer the TAC; the state court entered default judgment against him and sent the case to a prove up hearing where damages would be assessed. At no point has the Defendant sought to vacate the default judgment or appeal the state court's rulings. Considering the Defendant knew that there was a lawsuit against him, litigated the matter (both through counsel and without), received notice that there was a TAC and failed to answer the third amended complaint, the first element is of whether this default judgment was "actually litigated" is satisfied. As a former attorney, Defendant would also have known what was going to happen if he failed to respond to the TAC. Further, the state court's findings and judgment demonstrate that the court made findings as to the issues presented.

Public policy favors upholding the default judgment in this case. The Case was litigated over several years before the Defendant, a former attorney, effectively abandoned his defense. Accordingly, the Defendant is collaterally estopped from taking positions contrary to the findings made in the State Court Case.

The next issue is whether the findings in the State Court Judgment satisfy the standards under 11 U.S.C.§ 523. The unopposed TAC and findings made by the state court are quite detailed. The state court reviewed 3 binders of exhibits, heard testimony, explicitly broke down the damage award and made specific findings that the Defendant committed fraud, breached his fiduciary duty, and committed these actions with malice– all of which are important when considering whether a debt is dischargeable under § 523. Damages can be broken down into three general categories 1) compensatory damages for breach of contract, negligent misrepresentation, fraud, constructive fraud, conversion, breach of fiduciary duty, unfair business practices – violation of California Business and Professions Code, and obtaining property by false pretense and larceny (combined "Economic Damages"); 2) damages for violation of California Penal Code § 496 ("Penal Damages"); and 3) compensatory damages for emotional distress ("Emotional Damages").

The Defendant argues that summary judgment should be denied because the Judgment and ruling group together the Economic Damages. This is not an issue because, as discussed below, each of the causes of action included in the Economic Damages are independently non-dischargeable under §§ 523(a)(2), (4), or (6).

While the state court made findings of fraud, the state court specifically broke the damages into three categories. Further, there were multiple other causes of action that the state court made findings for. The jury verdict and the state court's minutes apportion damages to each of the causes of action; however, as noted by Plaintiff's counsel, the Plaintiff could not recover more than he was injured in terms of damages. As a result, the Judgment combines all of those damages for each of the causes of action into one lump sum in Economic Damages. The Emotional Damages and Penal Damages are then separated from the Economic Damages.

Plaintiff seems to be operating under the theory that because fraud has been found, the entire Judgment is therefore non-dischargeable. This is not quite accurate. The state court made findings regarding fraud which seems to encompass some of the

other causes of action but the non-fraud causes of action do not necessarily require a finding of fraud. The damages that are not discharged must trace back to factual findings in order to determine dischargeability. The Court must go through the state court's findings and the damages awarded to determine whether each of the causes of action supporting the Economic Damages are non-dischargeable. Since the Economic Damages are a lump sum, a non-dischargeable cause of action supporting that full award must be clear from the record -- otherwise there is a question of fact as to what portion of those damages flow from the causes of action that meet the criteria for the §523 causes of action alleged. As this is a summary judgment motion, if there is a question of fact as to whether certain damages flow from dischargeable causes of action, judgment would not be appropriate.

The Court also must determine whether the Penal Damages and Economic Damages are non-dischargeable in the same manner. While there is a lot of overlap between the findings of fraud and these damages, the state court made separate and distinct findings as to penal and economic damages. Thus, whether each of the causes of actions and enumerated damages fall within the parameters of §§ 523(a)(2), (4) and/or (6) is a threshold inquiry.

<u>523(a)(2)(A)</u>:

Section 523(a)(2)(A) excepts from discharge any debt "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A). The Ninth Circuit has held that a creditor's claim of non-dischargeability based on § 523(a)(2)(A) must satisfy five elements: (1) the debtor made a false statement or engaged in deceptive conduct; (2) the debtor knew the representation to be false; (3) the debtor made the representation with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained damage resulting from its reliance on the debtor's representation.  <u>In re Slyman</u>, 234 F.3d 1081, 1085 (9th Cir. 2000).

The jury verdict, the state court's minute notes adopting the verdict and the Judgment make the finding that the Defendant committed fraud. The unopposed TAC details what led to this finding of fraud. The TAC asserted that the Defendant made representations of material fact to Plaintiff knowing that they were false with the intent to

induce Plaintiff to enter into agreements with Defendant. Plaintiff's Exhibit 6, TAC ¶¶ 54-59. Further, the Defendant justifiably relied upon Defendant's representations, which was a direct and proximate cause of Plaintiff's injuries. *Id*. These were the allegations that led to a successful finding of fraud in the State Court Case, and these satisfy the elements listed in § 523(a)(2)(A). Similarly, the finding of constructive fraud is based on the same uncontradicted allegations and is non-dischargeable as well.

As to the negligent misrepresentation claim, the allegations detailed in the complaint which were used in adjudicating the negligent misrepresentation claim combined with the facts used in finding the Defendant committed fraud reveal that this cause of action is non-dischargeable under 523(a)(2) as well. *Id.* at ¶¶ 40-45. Defendant made representations that he knew were false, with intention of deceiving the Plaintiff, Plaintiff relied on the representations and suffered damages.

Finally, the allegations which proved the finding of liability under Unfair Business Practices support finding non-dischargeability as well. Defendant made false representations, that Defendant knew were false and dishonest with intent to deceive, and Plaintiff relied on it and suffered damages as a direct result of Defendant's deceptive and fraudulent trade practices. *Id.* at ¶¶ 130-133.

<u>523(a)(4):</u>

Next, Plaintiff alleges that the debt is non-dischargeable under 11 U.S.C. § 523(a)(4). Section 523(a)(4) excepts from discharge debts arising from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. §523(a)(4). In Federal court, fiduciary is narrowly defined. <u>In re Cantrell.</u>, 329 F.3d 1119.  Here, the broad, general definition of fiduciary, as a relationship involving confidence, trust, and good faith, does not apply. <u>Ragsdale v. Haller</u>, 780 F.2d 794, 796 (9th Cir. 1986).  Instead, bankruptcy law must clearly and expressly impose trust-like obligations on the party. <u>Double Bogey, Ltd. P'ship v. Enea</u>, 794 F.3d 1047, 1050 (9th Cir. 2015).

The state court found that the Defendant was liable for breach of fiduciary duty. The TAC details the allegations which led to a successful finding of breach of fiduciary duty. According to the TAC, Plaintiff reposed his ultimate trust in Defendant and allowed him, along with his son, to control all aspects of his financial life as his business

manager, a trust-like obligation, which resulted in the establishment of a fiduciary duty. Exhibit 6, TAC ¶ 118. Further, Defendant failed to act as a reasonably careful business manager for Plaintiff by failing to disclose all information related to the agreements made between the parties which financially injured Plaintiff. *Id.* at ¶ 71. Also, Defendant intentionally interfered with Plaintiff's financial assets by embezzling said assets and interfering with Plaintiff's access to said assets. *Id.* 84. These allegations that successfully led to the state court finding that the Defendant breached his fiduciary duty satisfy the requirements for a finding of non-dischargeability under § 523(a)(4).

The Plaintiff's claim for relief 2 and 3 in the adversary complaint are similar and both under §523(a)(4); however, claim 2 refers to fraud by a fiduciary and claim 3 refers to embezzlement and larceny, both properly alleged under §523(a)(4). Plaintiff moved for summary judgment as to claim 3 but not claim 2. As claim 2 relates to fraud which the court has found was shown, the Court raised this issue at the hearing. Plaintiff appeared to be relying on the combined terms of § 523(a)(4). The cause of action detailed on the verdict and judgment forms refers to "Breach of Fiduciary Duty" but it is clear from the TAC that this cause of action encompasses the fraud, constructive fraud and conversion allegations also that were detailed in other incorporated paragraphs of the complaint. Because Plaintiff has clearly moved for summary judgment on his §523(a)(4) claim and that encompasses all the aspects of the state court findings, claim for relief 2 is redundant and unnecessary and judgment may be granted under claim 3.

*523(a)(6)*:

A debt is non-dischargeable under §523(a)(6) if it results from debtor's willful and malicious injury to another or to the property of another. There are three elements required in a §523(a)(6) action:(1) willfulness; (2) maliciousness and (3) injury. Smith v. Entrepreneur Media, Inc. (In re Smith) 2009 Bankr. LEXIS 4582, *20 (9th Cir. BAP 2009). The actor must intend the consequences of the act, not simply the act itself. Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998); Ormsby v. First American Title Co. of Nevada (In re Ormsby), 591 F. 3d 1199, 1206 (9th Cir. 2010). Both willfulness and maliciousness must be proven to prevent discharge of the debt. Id. Reckless or negligent acts are not sufficient to establish that a resulting

injury falls within the category of willful and malicious injuries under §523(a)(6). Kawaauhau, 523 U.S. at 64.

Willfulness means intent to cause injury. Kawaauhau, 523 U.S. at 61. "The injury must be deliberate or intentional, 'not merely a deliberate or intentional act that leads to injury.'" In re Plyam, 530 B.R. 456, 463 (9th Cir. BAP 2015) (quoting Kawaauhau v. Geiger, 523 U.S. at 61) The court may consider circumstantial evidence that may establish what the debtor actually knew when conducting the injury creating action and not just what the debtor admitted to knowing. In re Ormsby, 591 F. 3d at 1206. Recklessly inflicted injuries, covering injuries from all degrees of recklessness, do not meet the willfulness requirement of § 523(a)(6). In re Plyam, 530 B.R. at 464. Reckless conduct requires an intent to act instead of an intent to cause injury. Id. Therefore, the willful injury requirement "... is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002).

The "malicious" injury requirement under §523(a)(6) is separate from the "willful" requirement, and both must be present for a claim under § 523(a)(6). Carillo, 290 F.3d at 1142. A malicious injury is one that involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "Malice may be inferred based on the nature of the wrongful act," but to make such an inference, willfulness must be established first. Ormsby, 591 F.3d at 1207 (9th Cir. 2010). When analyzing the plain meaning of malice, "it is the wrongful act that must be committed intentionally rather than the injury itself." Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005).

"[A] simple breach of contract is not the type of injury addressed by § 523(a)(6)." Snoke v. Riso (In re Riso), 978 F.2d 1151, 1154 (9th Cir. 1992). The Ninth Circuit requires "[s]omething more than a knowing breach of contract . . . before conduct comes within the ambit of § 523(a)(6)," and has "defined that 'something more' as tortious conduct." Lockerby v. Sierra, 535 F.3d 1038, 1041 (9th Cir. 2008); see also In re Riso, 978 F.2d at 1154.

The state court made the finding that the Defendant's actions were committed with "malice, oppression or fraud…" Exhibit 14. This is a finding that Defendant's actions

were not accidental, rather, they were done on purpose with a specific purpose of harming the Plaintiff. This is not a simple breach of contract whereby the Defendant failed to perform, rather, the breach stemmed from fraud and embezzlement. Given the other findings made by the state court and the allegations in the TAC which led to the Plaintiff receiving a favorable judgment, the debt would not be dischargeable under §523(a)(6). Accordingly, the $10,351,903 awarded for compensatory economic damages and the prejudgment interest related thereto is not discharged.

Similarly, the Penal Damages for violation of California Penal Code 496 would not be discharged under § 523(a)(2) and/or (6) as well. This section of the penal code relates to obtaining or selling stolen property. The Judgement states that the Defendant was guilty of "Obtaining Property by false presence and Larceny." Exhibit 14. When the other findings of fraud and breach of fiduciary duty are considered alongside this finding then it is clear this would constitute false pretenses under §523(a)(2) and be malicious and willful under §523(a)(6). Accordingly, the $31,055,709 in damages for violation of California Penal Code § 496 and the prejudgment interest related thereto are not discharged.

The final concern relates to the $50,000,000 for Emotional Damages. While these damages relate to the underlying fraud that occurred in the sense the fraud caused the emotional distress, the state court found these damages relate generally to emotional distress and did not explicitly find them to be fraud damages. The verdict and judgment list the economic damages separately for each cause of action but then refer to Emotional Damages in one lump sum. Given that the record does not detail the specific causes of action out of which the emotional damages arise, the Emotional Damages are their own separate category of damages that must be independently analyzed. Emotional damages would not fall under the purview of §523(a)(2) or (4) but can be considered under § 523(a)(6). *See e.g.* Burstein v. Lawrence (In re Lawrence) 2000 Bankr. Lexis 2073 (Bankr. N.D.N.Y. 2000) (finding that emotional damages in the state court action fell within the statutory exception of §523(a)(6) where the defendant knew and intended injuries resulting from terminating a plaintiff from a job).

At the hearing, Plaintiff argued that In re Lawrence supports granting summary judgment for the Emotional Damages as part of the basis of the entire case and the state court must not make independent findings to support it; however, Lawrence was a

judgment following trial in the state court. The Lawrence court could make its own findings based on a fully developed record, including referenced deposition transcripts. This motion also involves numerous causes of action where Lawrence included just §523(a)(6). The Plaintiff is asking this Court to take the findings made in the State Court Case and apply them to the discharge standards. In doing so, there are no findings that the Defendant knew or intended to cause the emotional distress that occurred because of the fraud. The state court complaint states that the Plaintiff suffered emotional injuries but remains silent on whether the Defendant knew or intended to cause these injuries. Since there are no findings as to Defendant's intent there is a question of fact, therefore, summary judgment is not appropriate on that one aspect of the damages. While Plaintiff's argument is reasonable that the court considered the whole of the activities, which mainly constituted fraud, this court cannot lump them all in together since there were also breach of contract causes of action included in the judgment.

*Conclusion:*

For the reasons previously articulated, the $10,351,903 compensatory economic damages and the interest thereto is non-dischargeable under §§523(a)(2), (4), and (6) for the Fraud, Constructive Fraud and Breach of Fiduciary Duty causes of action. Further the $31,055,709 in damages for violation of California Penal Code §496 and the prejudgment interest is not discharged under §§523(a)(2) and (6). Finally, summary judgment as to the $50,000,000 Emotional Damage award is denied. Plaintiff's motion for partial summary judgment is granted in part and denied in part.

A status conference will take place on March 9, 2022, at 11:30 am to resolve any outstanding issues in this case. Plaintiff is ordered to submit a proposed judgment and order within 10 days.

Date: February 22, 2022

Maureen A. Tighe
United States Bankruptcy Judge

-11-