FILED & ENTERED

AUG 04 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Louis Michael Lookofsky | Case No.:  1:20-bk-11823-MT<br>Adv No:   1:21-ap-01018-MT |
| Debtor(s). | **MEMORANDUM OF DECISION GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT** |
| Craig Smith Jr. | |
| Plaintiff(s), | Taken Under Submission on the Pleadings:<br>Date:        July 25, 2022<br>Time:        10:00 a.m.<br>Courtroom:  302 |
| v. | |
| Louis Michael Lookofsky | |
| Defendant(s). | |

This is a second motion for summary judgment. The earlier ruling on the first motion for summary judgment provided the facts and background on this matter. Adv 1:21-ap-01018-MT, ECF doc. 10-1 at pp.179-190 & doc. 15. The Superior Court judgment provided for $100,860,469 in damages. The earlier motion and ruling on

plaintiff's motion for summary judgment details the basis for this. This court previously

granted summary judgment based on issue preclusion for $10,351,903 in economic

damages under 11 U.S.C. §§ 523(a)(2), (a)(4) and (6) and $31,055,709 in damages for

violation of the California Penal Code. Prejudgment interest was also awarded under

§§ 523(a)(2) and (6).

At issue in this motion is the award of $50,000,000 for "Emotional Damages."

The Court previously found that these damages were not explicitly related to the fraud

cause of action and were listed as a lump sum instead of broken out by cause of action,

so the court could not grant summary judgment on those damages.  Plaintiff argues in

his second motion that the Superior Court record shows that the emotional damages

are based on the non-dischargeable causes of action and asks the court to reconsider

its earlier ruling on that issue. Defendant opposes based solely on his procedural

objection to a motion for reconsideration brought over two months after the earlier

ruling. Defendant does not respond to the substantive basis presented in the moving

papers. The Court held oral argument on the motion and gave Defendant additional

time to respond substantively after the argument, but nothing further was filed.

Under F.R. Civ. P. 60(b)(6), as incorporated by F.R. Bank. P. 9024, plaintiff may

bring this motion within a "reasonable time."  See F.R. Civ. P. 60(c)(1). At the May 4,

2022, status conference, after the Court ruled there was no basis for a jury trial, the

parties discussed what would be presented in a trial, given what had already been

decided by the Superior Court. The Court inquired whether there was anything else

presented in the Superior Court that would show the basis for the emotional damages.

Plaintiff argued that certain aspects of the Superior Court ruling had been overlooked.

As it was not clear what else would be presented in another trial that had not already

been presented in the Superior Court, this Court invited Plaintiff to bring another motion

to address the narrow issue of whether the emotional damages are non-dischargeable.

The Court gave a deadline for either a supplemental summary judgment motion or a

pretrial brief as to what Plaintiff would prove at any trial and what witnesses would be

called. May 4, 2022 Hr'g Tr., 25:12 - 27:22, ad. ECF doc. 39. Plaintiff chose to file this

supplemental motion. ECF doc. 28. He also filed a 336-page copy of the entire Superior

Court record. ECF doc. 28-1. While this exhibit largely repeats what was filed earlier,

matters in this large record relating just to this issue have been highlighted by the

additional motion.

    The Court has already found that the parties were the same, the Superior Court

judgment was final and on the merits, the issues were actually litigated, and they are

identical to those sought to be precluded here. ECF doc. 15. In order to include the

emotional distress damages, it must be clear from the state court record that these

damages relate to one of the non-dischargeable causes of action.

    The trial verdict was detailed under four central causes of action: breach of

contract, fraud, breach of fiduciary duty and constructive fraud. ECF doc. 28-1, at p,

179. Upon further examination of the verdict, the emotional distress damages had to

arise out of the fraud, constructive fraud and breach of fiduciary duty causes of action.

The breach of contract cause of action could not have formed the basis for emotional

distress damages as a matter of law, as explained below.

    Smith cites to Cummings v. Premier Rehab Keller, PLLC, 142 S. Ct. 1562 (2022).

While the case generally discusses causes of action under Title VI, it relies on and goes

into great detail about breach of contract and whether emotional distress damages can

be awarded for a breach of contract. The Supreme Court reiterates and holds that emotional distress damages are generally not compensable for a breach of contract. 142 S. Ct. 1562, 1571.  This is consistent with California law. See Kwan v. Mercedes-Benz of North America, 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, 380 (Cal.Ct.App.1994).

The fraud, constructive fraud, and breach of fiduciary causes of action along with others detailed in the complaint all rose out of a common set of facts – the failure to disclose material facts such as criminal convictions, resignation from the state bar, civil judgments, diversions of funds, forgery of signatures, and extensive payment of personal expenses with Plaintiff's funds. The breach of fiduciary duty added the proof that Plaintiff was a young, unsophisticated high school athlete who reposed his ultimate trust in Lookofsky and allowed him to control all aspects of his financial life as a manager. All of these causes of action were found to be non-dischargeable under 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) because they met all requirements for the bankruptcy causes of action as well as the state law allegations.

Emotional distress damages are proper based on fraud and malicious and willful conduct. Plaintiff relies again on In re Lawrence, 2000 Bank Lexis 2073 (Bankr N.D.N.Y 2000).  While Lawrence involved a trial concerning solely allegations of malicious and willful conduct, it is instructive here because the breach of contract cause of action may not be considered in support of emotional distress damages. In light of this clarification, the court's dismissal of Lawrence in the last ruling is reconsidered. It is persuasive here.

Perez v. Havercamp from this Circuit is instructive and controlling on this issue, stating:

> In determining dischargeability under 11 U.S.C. § 523(a)(6), state law generally determines whether the plaintiff would have a claim against the debtor. See In re Klause, 181 B.R. 487, 492 (Bankr.C.D.Cal.1995).

California law permits the recovery of emotional distress damages based on fraud. *See Murphy v. Allstate Ins. Co.,* 83 Cal.App.3d 38, 147 Cal.Rptr. 565, 576 (Cal.Ct.App.1978). Accordingly, emotional distress damages may be awarded under 523(a)(6) to compensate for non-physical injuries caused by a debtor's willful and malicious acts. *See In re Sotelo,* 179 B.R. 214, 219 (Bankr.S.D.Cal.1995) (affirming $250,000 award for emotional distress damages as remedy for violation of section 523(a)(6)).

Perez argues that the general rule in California is that emotional distress damages are not recoverable for injuries resulting from a breach of contract. *See Kwan v. Mercedes-Benz of North America,* 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, 380 (Cal.Ct.App.1994). However, Haverkamp and Taylor seek damages under section 523(a)(6) not for a breach of contract but for willful and malicious acts committed by Perez. Whether Perez may also have breached a contract with Haverkamp and Taylor is irrelevant to whether Perez is liable for emotional distress damages. *See Sprague v. Frank J. Sanders Lincoln Mercury, Inc.,* 120 Cal.App.3d 412, 174 Cal.Rptr. 608, 611 (Cal.Ct.App.1981). In light of the bankruptcy court's findings of willful and malicious acts by Perez which resulted in serious disruption to the personal lives of Haverkamp, Taylor, and their children, we hold that the bankruptcy court did not err in awarding Haverkamp and Taylor emotional distress damages of $25,000.

 Perez v. Haverkamp, 142 F.3d 444 (9th Cir. 1998).

While Havercamp and Lawrence were findings after trial, the cases still illustrate that

emotional distress damages properly flow from such willful and malicious acts as the

trial court here found.  There is also substantial evidence in the Superior Court record

that the emotional damages arose out of solely fraud and the willful and malicious

conduct.

   While the jury verdict meant that the Superior Court did not need to detail its factual

findings, an earlier ruling on whether to compel arbitration provided specific findings

relied on by the court. The ruling detailed the following:

1. Lookofsky had concealed from Smith criminal convictions, his resignation from the State Bar after disciplinary actions were brought against him, and several civil lawsuits. ECF doc. 10-1 at p.10.

2. Smith alleged that Lookofsky had ultimate control of Smith's finances for 6 years and embezzled monies, forged Smith's signature, diverted Smith's funds, and paid for his own personal expenses out of Smith's accounts.

On the basis that the action was essentially based on fraud and that the arbitration clause was subject to revocation on grounds of fraud, the court denied Lookofsky's bid to go to arbitration. ECF doc. 28-1, at p.13. This ruling also supports Plaintiff's reading of the court record.

As explained in more detail in the previous ruling, Defendant, a former lawyer, had a full and fair opportunity to defend himself. ECF doc. 15 at p. 4. The third amended complaint was never contested, and the Superior Court adopted all allegations as true and admitted the entire third amended complaint into evidence. ECF doc. 28-1 at p. 174. The complaint contained all of the criminal and state bar proceedings, copies of the undisclosed judgments against Lookofsy in the civil actions, and an accounting with check copies of diverted sums. ECF doc. 28-1 at pp. 77-158.  The Court also granted almost all of plaintiff's Requests for Admissions by Lookofsky. ECF doc. 28-1 at p. 25.

//

//

//

//

A careful review of the record does demonstrate that all causes of action were predicated on this initial and ongoing fraud and not on breach of contract. A fair reading of the damages detailed in the complaint and the jury verdict form can really only be considered willful and malicious arising out of tortious acts and not simply economic damages as a result of the breach of contract. As such, Plaintiff is correct that they too should be included in the objection to discharge judgment. Plaintiff may so amend the order and judgment to include all damages found by the Superior Court as not discharged.

Summary judgment is granted as to all causes of action and all damages in Plaintiff's complaint.

###

Date: August 4, 2022

Maureen A. Tighe
United States Bankruptcy Judge